(48 Misc. Rep. 398.)

MURRAY v. JOHN GRIFFITHS & SON.

(Supreme Court, Appellate Term.    November 3, 1905.)

MASTER AND SERVANT—EXTRA COMPENSATION.

 A servant regularly employed at a stipulated compensation cannot recover extra compensation, none being contracted for, because at direction of the master he does something not within his employment.

 [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 87.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Michael Murray against John Griffiths & Son.    From a judgment for plaintiff, defendants appeal.    Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Eidlitz & Hulse, for appellants.

James D. McClelland, for respondent.

FITZGERALD, J.    Plaintiff was employed as watchman and to attend to boilers at night for a contractor who was engaged in the construction of a large building.    His wages were at stipulated rates, which varied at times by mutual agreement, and at no time during the entire period was any claim made for extra services.    After his discharge he made a demand for additional compensation.    It appears that there was a small wooden structure upon the premises, which was used as a sort of office in the daytime and was left open at night for the accommodation of such employés as might then be at work.    The alleged extra services consisted of cleaning out this structure before leaving in the morning.    Clearly no additional compensation was contemplated between the parties.    "Where a stipulated remuneration has been agreed upon, the servant has no claim to additional remuneration on the mere ground of performance of additional service."    Am. & Eng. Ency. of Law, vol. 20, p. 19.

To support such a claim as is here made, proof of some new agreement upon a mutual understanding is essential.    A mere direction to a regularly employed servant to do something which the latter does as matter of course is not sufficient to imply such an agreement.    To hold otherwise would be to require employers to have specifically enumerated and definitely catalogued, at the time of the hiring, every simple service the proposed employé might be called upon to perform, lest ingenuity could subsequently differentiate between services, so as to create additional liabilities.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.    All concur.